# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| CURTIS D. TAYLOR, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 3:16-CV-2-TLS |
| BRET BERHAM, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Curtis D. Taylor, a Plaintiff proceeding pro se, filed an Employment Discrimination Complaint [ECF No. 1] against the Defendant, Bret Berham. He also filed a Petition to Proceed Without Prepayment of Fees and Costs [ECF No. 2]. For the reasons set forth below, the Plaintiff's Petition is DENIED. The Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Prepayment of Fees and Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations:

first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff's Petition establishes that he is unable to prepay the filing fee.

The inquiry does not end here, however. In assessing whether a petitioner may proceed IFP, the court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, all that a complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550

2

U.S. 544, 555 (2007)) (other citation omitted). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff asserts that his Complaint is brought pursuant to Title VII of the Civil Rights Act of 1964. The Plaintiff alleges discrimination and retaliation. Title VII is premised on eliminating discrimination:

> It shall be an unlawful employment practice for an employer—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C.A. § 2000e-2.

Even with the relaxed standards that apply to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Complaint does not set forth any factual allegations that raise the Plaintiff's right to relief above the speculative level. Section IV of the form Complaint is designated as the "Facts in Support of Complaint." Under this heading, the Plaintiff states that the facts on which his Complaint are based are "statements from the EEOC attach[ed] to Complaint." (Pl.'s Compl. 2.) However, the attachment, which is the EEOC's Dismissal and Notice of Rights, does not set forth any facts about the case. Even the most liberal reading of the Complaint fails to reveal an inference of different or discriminatory treatment based on race, color, religion, sex, or national origin. The Complaint does not even identify the protected category to which the Plaintiff belongs, if any. Neither does the Plaintiff indicate what adverse action was taken against him, either based on a protected category or in retaliation for engaging in protected activity.

The Complaint suffers from an additional defect. The Plaintiff has named Bret Berham as the Defendant and the person who discriminated against him, presumably in his position as an employee or a supervisor of the Dollar Tree. The Seventh has held that individual supervisors in their individual capacities do not fall within Title VII's definition of "employer." *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). If the Plaintiff intends to pursue a Title VII claim, he must identify the employing entity as the Defendant.

Because the Plaintiff does not identify the adverse employment action, or the alleged motivation for the action, the Complaint does not provide the Defendant with fair notice of what the claim is. Additionally, the Plaintiff has not named a defendant who can be sued as an employer under Title VII. Therefore, the Plaintiff's request to proceed without prepayment of fees will be denied, and the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The deficiencies in the Complaint are of the type that can be easily cured if the Plaintiff names the employing entity as the defendant, alleges that he is a member of a protected class, and identifies the actions that were taken against him because of this status. *Cf. Tamayo,* 526 F.3d at 1084 (pleading standard for "simple claims of race or sex discrimination" is minimal and requires only that the plaintiff aver that the employer instituted a certain adverse employment action against the plaintiff on the basis of sex or race). Therefore, the Court will grant the Plaintiff until February 22, 2016, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). If the Plaintiff elects to file an amended complaint, he must also file a new

4

Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee. If the Plaintiff does not file an amended complaint by February 22, 2016, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Petition to Proceed Without Prepayment of Fees and Costs [ECF No.2], and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until February 22, 2016, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee.

SO ORDERED on January 21, 2016.

                                              s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT
                                             FORT WAYNE DIVISION