UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| CURTIS D. TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-2-TLS |
| DOLLAR TREE, and BRET BERTRAM, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Curtis D. Taylor, a Plaintiff proceeding pro se, has sued his former employer, the Dollar Tree, and Bret Bertram (erroneously sued as Bret Berham) for discrimination and retaliation under Title VII of the Civil Rights Act of 1964. This matter is before the Court on the Defendants' Motion to Dismiss, or in the Alternative to Stay, and to Compel Arbitration [ECF No. 17]. The Defendants request that the Court dismiss all claims against the Defendants or, in the alternative, stay this action pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq. and Rule 12 of the Federal Rules of Civil Procedure, and compel the parties to pursue arbitration. For the reasons stated herein, the Court dismisses the Plaintiff's Amended Complaint [ECF No. 4].

**STANDARD OF REVIEW**

As evidence in support of its Motion, the Defendants have included the Declarations of David McDearmon, Steven Pearson, and Steven F. Pockrass, with accompanying exhibits. In the spirit of *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982), the Defendants provided a Notice [ECF No. 23] to the Plaintiff to explain the nature of its Motion and the Plaintiff's obligation to respond, including his obligations if the Court treated the Motion as a summary judgment

motion. The Notice advised the Plaintiff that if he disagreed with the facts in Defendants' Motion, he was required to submit affidavits or other evidence to dispute those facts. Additionally, during a combined show cause and status conference held on August 11, 2016, the Court gave the Plaintiff until October 11, 2016, to response to the Defendants' Motion.

While the FAA does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet, courts have analogized the standard to that required of a party opposing summary judgment under Rule 56. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). That is, "the opposing party must demonstrate that a genuine issue of material fact warranting a trial exists." *Id.* "Just as in summary judgment proceedings, a party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.* The Court also notes that the summary judgment standard is appropriate because the Defendants have presented matters outside the pleadings in support of their Motion to Dismiss. *See* Fed. R. Civ. P. 12(d). The Plaintiff was given a reasonable opportunity to present material pertinent to the Defendants' Motion, but has not filed a response. Accordingly, the Court will consider whether the facts presented by the Defendants support the conclusion that the parties have entered into an arbitration agreement that is applicable to the Plaintiff's claims.

## STATEMENT OF FACTS

The Defendants maintain that Dollar Tree and the Plaintiff entered into an arbitration agreement to arbitrate all claims arising out of or related to the Plaintiff's employment at Dollar Tree, including claims against Dollar Tree and against other Dollar Tree employees.

According to the designated evidence, Dollar Tree implemented an Arbitration Program in 2014. On April 23, 2015, the Plaintiff electronically accessed information regarding Dollar Tree's Arbitration Program, including the Arbitration Agreement. The Plaintiff could choose to opt out of the Arbitration Program because he was hired before implementation of the Program.[1] The opt-out procedures and deadline were communicated to the Plaintiff. For example, page 4 of the Arbitration Agreement set forth the opt-out procedure, with the opt-out deadline printed in bold:

> Associate is not required to agree to arbitration. Associate may opt out of (that is, decline to be bound by) this Agreement by (i) completing an electronic Opt-Out Form at www.dtarbitration.com or (ii) postmarking and mailing (by registered or certified mail) a paper Opt-Out Form, which can also be found at www.dtarbitration.com, to Dollar Tree Arbitration c/o Chief Legal Officer, 500 Volvo Parkway, Chesapeake, VA 23320. Associate must opt out by May 31, 2015. **Associate's decision not to opt out by May 31, 2015 constitutes Associate's assent to, and agreement to be bound by, this Agreement.**
>
> Once Dollar Tree receives the Opt-Out Form from Associate, either by mail or electronically, Dollar Tree will acknowledge receipt of it in writing, either by email or by first class mail, at the address set forth by Associate on the Opt-Out Form. Associate's decision not to opt out must be confirmed in writing by Dollar Tree before the Opt-Out decision can be effective. If Associate files an Opt-Out Form and does not receive a written acknowledgment from Dollar tree within three weeks, the Associate should immediately send an email to dtarbitration@dollartree.com.

(Pearson Decl. Ex. C, ECF No. 19-2 at 26.) Additionally, a Flyer was distributed to employees. It advised employees hired before October 6, 2014, of their right to opt out of the Arbitration Program:

> While Dollar Tree believes arbitration is a good idea, Associates hired before

---

[1] Employees hired before October 6, 2014, were required to participate in the Arbitration Program as a condition of employment.

3

> October 6, 2014 have a one-time right to opt out of (that is, decline to participate in) Dollar Tree's Arbitration Program. The deadline for opting out of arbitration is **May 31, 2015**. Information about how to opt out is in the Arbitration Agreement and on Dollar Tree's arbitration website **www.dtarbitration.com**

(*Id.* Ex. A-3, ECF No. 19-2 at 15.) The Plaintiff did not opt out of the Arbitration Agreement.

In the Arbitration Agreement, the parties agreed to arbitrate all claims arising out of or related to an associate's employment or termination, including claims of discrimination or retaliation. This included claims under federal, state, or local law. According to the Agreement, "[c]laims subject to arbitration include, but are not limited to, claims for . . . retaliation or discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition)." (*Id.* Ex. C, ECF No. 19-2 at 23.) The Agreement specifies that the FAA is the governing law.

Before the Plaintiff filed his Amended Complaint, counsel for the Defendants sent the Plaintiff a letter reminding him that he had entered into a binding arbitration agreement with Dollar Tree. (Pockrass Decl. ¶ 5 & Ex. A, ECF No. 19-3.) Counsel enclosed a hard copy of the Plaintiff's executed Arbitration Agreement, along with the applicable arbitration rules and procedures. About a month later, the Plaintiff filed his Amended Complaint, alleging that during his employment, he was subjected to discrimination and retaliation in violation of Title VII. The Amended Complaint also named his supervisor as a Defendant.

## ANALYSIS

The determination of whether parties are contractually bound to arbitrate and what issues they are bound to arbitrate are matters to be determined by the court. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010); *AT&T Techs., Inc. v. Commc'ns Workers of Am.,*

4

475 U.S. 643, 649, 651 (1986) (stating that "[i]t is the court's duty to interpret [an] agreement and to determine whether the parties intended to arbitrate"); *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730 (7th Cir. 2005). The FAA applies to employment agreements. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). Although the FAA "'favors resolution of disputes through arbitration, its provisions are not to be construed so broadly as to include claims that were never intended for arbitration.'" *Cont'l Cas. Co.*, 417 F.3d at 730 (quoting *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 929 (7th Cir. 2003)). The parties must have agreed in advance to submit the disputes to arbitration because the arbitration agreement is the source of the arbitrator's authority to resolve those disputes, and a party may not be forced to arbitrate any dispute that the party did not agree to arbitrate. *AT&T Techs.*, 475 U.S. at 648–49. Courts must be mindful that the FAA "'is a congressional declaration of a liberal federal policy favoring arbitration agreements' and 'that questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Cont'l Cas. Co.*, 417 F.3d at 730–31 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983)).

"Under the [FAA], arbitration may be compelled if the following three elements are shown: a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus.*, 417 F.3d 682, 690 (7th Cir. 2005). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). Courts must order arbitration of claims "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs.*, 475 U.S. at 650.

Federal courts rely on state contract law to determine whether an arbitration agreement constitutes a valid contract. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809 (7th Cir. 2011). "Indiana courts apply ordinary contract principles to arbitration agreements." *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997). Thus, like other contracts, arbitration agreements may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

The undisputed facts show that the Plaintiff and Dollar Tree entered into a valid agreement to arbitrate employment disputes. *See Straub v. B.M.T. by Todd*, 645 N.E.2d 597, 598 (Ind. 1995) (setting forth the traditional contract elements of an offer, acceptance, and consideration). The Plaintiff accepted Dollar Tree's offer to arbitrate all disputes he had with his employer when he did not exercise his right to opt out of the Arbitration Agreement. *See Johnson v. Harvest Mgmt. Sub TRS Corp.—Holiday Ret.*, No. 3:15-CV-26-RLY-WGH, 2015 WL 5692567, at *4 (S.D. Ind. Sept. 25, 2015) (stating that assent may be expressed by acts that manifest acceptance, including not opting out of an arbitration agreement that contains an opt-out provision) (citing *Nationwide Ins. Co. v. Heck*, 873 N.E.2d 190, 196 (Ind. Ct. App. 2007)); *see also Versmesse v. AT&T Mobility LLC*, No. 3:13-CV-171, 2014 WL 856447 (N.D. Ind. Mar. 4, 2014). The Arbitration Agreement clear stated that any employee who wanted to opt out could do so, but if the employee did not opt out by the deadline, he would be bound by the Arbitration Agreement. The Plaintiff accessed the Arbitration Agreement, but did not opt out of the Agreement by the deadline, and therefore assented to its terms.

Moreover, page 4 of the Arbitration Agreement states: "**Consideration**: The promises by

Dollar Tree and by Associate to arbitrate disputes, rather than litigate them before courts or other bodies, provide consideration for each other." (Pearson Decl. Ex. C, ECF NO. 19-2 at 26.) Courts have recognized that "a mutual promise to arbitrate future disputes constitutes consideration." *Johnson*, 2015 WL 5692567, at *4; *see also Michalski v. Circuit City Stores, Inc.*, 177 F.3d 634, 636 (7th Cir. 1999) (holding that an employer's "promise to be bound by the arbitration process itself serves as mutual consideration"); *Nuzzi v. Coachmen Indus., Inc.*, No. 3:09-CV-116, 2009 WL 3851364, at *5 (N.D. Ind. Nov. 16, 2009) (noting that consideration exists where "the employer is willing to give up its own legal right to defend itself in court, and submit its defense to arbitration"); *Jenks v. Workman*, No. IP99-1389, 2000 WL 962821, at *5 (S.D. Ind. June 22, 2000).

The claims raised in the Plaintiffs' Amended Complaint—race discrimination and retaliation in violation of Title VII—fall within the scope of the Arbitration Agreement. The supervisor named in the Amended Complaint, as a third-party beneficiary to the Arbitration Agreement, may also compel arbitration as long as the relevant state contract law recognizes the enforceability of an arbitration agreement for the benefit of a third party. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009); *Cont'l Cas. Co.*, 417 F.3d at 727, 735. Indiana law allows a third-party beneficiary to enforce a contract, including an arbitration agreement, as long as the third-party beneficiary was intended to be protected under the agreement by the imposition of a duty in the beneficiary's favor. *Garco Indus. Equip. Co. v. Mallory*, 485 N.E.2d 652, 654 (Ind. Ct. App. 1986). The intent of the contracting parties "may be demonstrated by specifically naming the third-party or by other evidence." *Barth Elec. Co. v. Traylor Bros.*, 553 N.E.2d 504, 506 (Ind. Ct. App. 1990). Here, the terms of the Arbitration Agreement include claims against

Dollar Tree's "officers, directors, employees, or agents in any capacity." (Pearson Decl. Ex. C, ECF NO. 19-2 at 23.)

The Plaintiff, by filing the Amended Complaint, has demonstrated a refusal to arbitrate his claims. Because the Plaintiff and Dollar Tree contracted for the process set forth in the Arbitration Agreement to be the sole avenue of redress for the Plaintiff's employment discrimination claims, his claims cannot proceed in this Court but must be resolved through arbitration.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion [ECF No. 17] is GRANTED. Because all of the issues raised in the Amended Complaint must be submitted to arbitration, it is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on November 3, 2016.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION